ALD-045                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3736
_____

JOURDEAN LORAH,
                                                                  Appellant
v.

HOME HELPER'S INC. DELAWARE RESPITE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 10-cv-00237)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 17, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: December 7, 2011)
_____

OPINION
_____

PER CURIAM.

        Jourdean Lorah appeals pro se from the United States District Court for the

District of Delaware's dismissal of her complaint.  For the reasons that follow, we will

summarily affirm the District Court's order.

**I.**

In March 2010, Lorah commenced a civil action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. In her June 22, 2010 amended complaint,[1] she alleged that her former employer, Home Helper's Inc. Delaware Respite, discriminated against her based on her age, sex, race, and national origin.[2] Lorah was employed by the defendant from May 2007 to June 2009 as a care-giver/homemaker. On April 10, 2009, Lorah was injured at work. She sought medical treatment for her injury but told her manager, Krista Gaul, that she did not need therapy or to file a workers' compensation claim. Lorah's amended complaint also asserted that she was molested by a patient on May 20, 2009.[3] She contends that she was forced to resign after the molestation because her hours were significantly reduced. She therefore submitted a letter of resignation, stating that she could not continue to work six-to-eight hours per week and that she could not "withstand the condition[s] of her employment concerning sexual harassment and an injury."

Lorah thereafter sought unemployment compensation from the State of Delaware. The Delaware Unemployment Insurance Appeal Board denied her claim after

---

[1] The District Court dismissed Lorah's initial complaint in May 2010 pursuant to 28 U.S.C. § 1915, but gave her an opportunity to amend. The District Court's memorandum order specified that the amended complaint must set forth more fully her "allegations of discrimination" and attach a "right-to-sue letter from the EEOC."

[2] Lorah is a Caucasian female over the age of 50.

[3] Lorah filed a police complaint regarding the alleged assault in October 2009.

finding that she quit her job without good cause. Lorah appealed from this decision to the Delaware Superior Court and the Delaware Supreme Court, both of which affirmed the administrative agency's decision. See Lorah v. Home Helpers Inc., 21 A.3d 596 (Del. 2011).

Lorah also wrote a letter to the State of Delaware Department of Labor ("DOL") seeking an "administrative remedy," and apparently requesting legal representation. In a July 16, 2009 letter, the DOL advised her that it was unable to assist her but stated that it was authorized to "negotiate a settlement in an open case." It noted, however, that in her "matters, the employers did not agree to participate in settlement discussions."

On September 27, 2011, the District Court granted the defendant's motion to dismiss the complaint and declined to give Lorah another opportunity to amend her complaint. The District Court determined that: (1) it lacked jurisdiction over Lorah's claim of injury that occurred while she was employed; (2) Lorah's claim regarding the denial of her unemployment benefits was barred by the Rooker-Feldman doctrine; and (3) Lorah failed to exhaust the remedies necessary to raise a Title VII claim.

Lorah now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because this appeal presents no substantial question, we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 and I.O.P. 10.6.

3

The District Court's memorandum opinion is thoughtful and comprehensive, and we see no reason to discuss Lorah's claims in any detail here. All counts in the amended complaint were properly dismissed by the District Court. The District Court appropriately dismissed Lorah's claims as unexhausted under Title VII,[4] as she failed to attach a right-to-sue letter to her amended complaint and provided no indication that she filed a charge of discrimination with the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5; Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir. 1999) ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.") (internal citation omitted).[5] Additionally, the District Court did not abuse its discretion by denying Lorah's requests to further amend her complaint because the proposed amendments were, as the District Court noted, "either frivolous or advance[d] a claim that [wa]s legally insufficient on its face." See Fed. R. Civ. P. 15(a); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) (discussing

---

[4] To the extent, if any, that Lorah was attempting to raise a claim involving a work-related injury, or to appeal the state-court unemployment litigation to federal court, the District Court was correct in refusing to review these claims. See 19 Del. C. § 2304 (stating that the Delaware Worker's Compensation Act is exclusive remedy for work-related accidental injuries); Great Western Mining & Mineral Co v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010) (explaining the application of the Rooker-Feldman doctrine).

[5] We note that although Lorah is proceeding pro se, she should be well-acquainted with the requirements for filing a Title VII claim. See, e.g., Lorah v. Tetra Tech Inc., 541 F. Supp. 2d 629 (D. Del. 2008); Lorah v. Dep't of Natural Res. & Envtl. Control, Civ. No. 06-cv-539-SLR, 2007 WL 2049908 (D. Del. Jul. 16, 2007).

standard for determining whether to grant or deny a motion for leave to amend a complaint).

We will therefore summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.